El Pueblo, Demandante y Apelado, *v.* Matos, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por delito contra la salud pública.

No. 847.—Resuelto en julio 6, 1915.

Delito Contra la Salud Pública—Denuncia—Venta de Carne en Estado de Putrefacción—Conocimiento del Delito.—En este caso se imputó al acusado el hecho de que ''voluntaria y maliciosamente y con intención criminal expendía carne de res en completo estado de putrefacción,'' y en apelación se resolvió que de acuerdo con el artículo 338 del Código Penal la denuncia no exponía hechos constitutivos de delito, por no alegarse, como era necesario, y no justificarse tampoco por la prueba, que el acusado vendía la carne *a sabiendas* de que estaba en estado de putrefacción. Véase *El Pueblo* v. *Vázquez,* resuelto en mayo 17, 1915.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Tizol y Campillo.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El apelante Jacinto Matos fué denunciado ante la Corte Municipal de Bayamón y en grado de apelación condenado

por la Corte de Distrito de San Juan, Sección 2ª., en virtud de denuncia que le imputa que el 10 de octubre de 1914, en Toa Baja, voluntaria y maliciosamente, y con intención criminal, expendía carne de res en completo estado de putrefacción, hecho contrario a la ley.

El Hon. Fiscal de este Tribunal Supremo solicitó en su alegato escrito, y en el oral, que revoquemos la sentencia porque la denuncia es insuficiente en los términos en que está redactada para imputar la comisión de un delito e igual petición hizo el abogado del apelante en la vista del recurso, sosteniendo así la excepción que en el tribunal inferior alegó de que la denuncia era insuficiente.

El único precepto legal bajo el cual pudiera estar comprendida la denuncia es el artículo 338 del Código Penal que dice así:

"Toda persona que a sabiendas vendiere, tuviere u ofreciere en venta o dispusiere de cualquier comestible, bebida, droga o medicina constándole que se halla el artículo en estado de corrupción o deterioro, o que por cualquier otra causa es nocivo a la salud o impropio para el consumo, con intención de permitir que se coma o beba, incurrirá en *misdemeanor*."

La denuncia no alega como era necesario, según resolvimos en mayo 17 de este año en el caso de *El Pueblo* v. *Vázquez,* que el acusado vendía la carne *a sabiendas* de que estaba en estado de putrefacción y por tanto no exponía hechos constitutivos de delito. La prueba tampoco justificó ese extremo.

La sentencia apelada debe ser revocada.

*Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.